JOHN M. FRIEND
SEP 18 2009

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| DORIS FLOTT, DEB HILGER, LINDSEY JONES, and ARLENE ORR, | ) ) ) | DOC. 1099    PAGE 539 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CONSOLIDATED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT |
| HAIR SALONS, INC., and RANDALL K. MILLER, | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | Assigned to Judge Schatz |

1. Plaintiffs, Doris Flott, Deb Hilger, Lindsey Jones and Arlene Orr (collectively the "Plaintiffs") individually and on behalf of others similarly situated, by and through their undersigned counsel, bring this class and collective action against Hair Salons, Inc. and Randall K. Miller (collective the "Defendants"), on behalf of all current and former non-exempt, hourly hairstylists, who have been employed at any time by Defendants at its Omaha and Lincoln facilities during the time period September 1, 2006 to the present.

2. Plaintiffs bring this case to challenge Defendants' policy or practice of requiring its non-exempt hairstylists to work substantial amounts of time "off-the-clock" and without pay or practice of reducing the number of hours actually worked in the time keeping computer system.

3. Pursuant to its compensation system, Defendants do not pay Plaintiffs and class members for tasks performed that are necessary and integral to their overall employment responsibilities. This practice involves requiring Plaintiffs to report to work before their shift begins and allowing Plaintiffs to clock in for their shift to perform startup duties, including preparing and cleaning their work station area, and Defendants altering the Plaintiffs' and class

members time entry to reflect that they clocked in at the moment their shift was to begin, thus reducing the number of hours that Plaintiffs and class members worked.

4. Defendants are liable to Plaintiffs and the Class for this unpaid time, under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, et seq., and the Nebraska Wage Payment Act, Neb.Rev.Stat. § 48-1228, et seq., as set forth below.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 29 U.S.C. § 216(b). This Court has jurisdiction over Plaintiffs' Nebraska state law claims pursuant to § 48-1231

6. Venue is proper in this Court because the events giving rise to Plaintiffs' claims occurred within this judicial district and because one of Defendants' businesses where the events giving rise to Plaintiffs' claims is located within this judicial district.

## PARTIES

7. Plaintiffs, Doris Flott, Deb Hilger, Lindsey Jones and Arlene Orr are former employees of Defendants' Omaha, Nebraska Sportsman's Haircuts, owned and operated by Hair Salons, Inc.

8. Class members are current and former hair stylists employed by Defendants who where subjected to the same policy of reducing their hours.

9. Defendant Hair Salons, Inc. operates hair salons and barber shops in Omaha and Lincoln, Nebraska.

10. Defendant Randall L. Miller, the sole officer and director of Hair Salons, Inc.

## FACTUAL ALLEGATIONS

11. Defendants require their hairstylist employees to report to work before the beginning of their shift. If they are more than one minute late, they are reprimanded. In order to

2

prepare for their shift, Plaintiffs and the Class must prepare their work station, setting out the tools of their trade, plugging in various devices, and cleaning around their general area. This process can take approximately 10 to 15 minutes.

12. At the end of the day, and after their last customer leaves, Plaintiffs and the Class are required to clean up their station, including sweeping up hair, and putting away the tools of their trade. Other select individuals also counted out the cash register. Often times, the Plaintiffs and the Class activities would extend beyond the end of their scheduled shift.

13. Although Plaintiffs and the Class clocked in several minutes before their shift began or out after their shift ended, Defendants had a policy and practice of altering the time records to reflect that Plaintiffs and the Class clocked in at the beginning of their shift and clocked out at the end, resulting in a reduction in the number of hours Plaintiffs and the Class were paid.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring their first cause of action set forth below pursuant to the FLSA as a collective action under 29 U.S.C. § 216(b) on behalf of the Class. Plaintiffs' claims are based on Defendants' violation of the overtime wage provisions of the FLSA and may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA, because Plaintiffs' claims are similar to the claims of the Class members.

15. Class members are similarly situated, as they have substantially similar job requirements and responsibilities and are subject to a common practice, policy or plan that requires them to perform work without compensation.

16. Plaintiffs bring their second cause of action based on violations of Nebraska state law as a class action pursuant to Neb. Rev. Stat. § 25-319.

3

17. Class members are similarly situated by virtue of the common questions of law and fact that exist and predominate as to Plaintiffs and the Class, including, without limitation:

   a. Whether Defendants, through their policy or practice of requiring the Class to perform substantial work off-the-clock, failed to pay the Class all the wages they are owed pursuant to the FLSA and Nebraska law;

   b. Whether the cleanup and preparation of their work area activities at issue in this case are integral or indispensable to Defendants' business operations;

   c. Whether Defendants failed to keep true and accurate time records for all hours worked by its non-exempt, hourly employees as required by the FLSA and Nebraska state law;

   d. Whether the worked performed by Plaintiffs and the Class is included in the type of work Defendants employed Plaintiffs and the Class to perform;

   e. Whether the work performed by Plaintiffs and the Class is compensable pursuant to the FLSA and Nebraska state law;

   f. Whether Defendants have engaged in a pattern and/or practice of forcing, coercing, and/or permitting Plaintiffs and the Class to perform work for Defendants' benefit that was not compensated;

   g. The nature and extent of class wide injury and the measures of damages therefore; and

   h. The proper formula for calculating restitution, damages and penalties owed to Plaintiffs and the Class.

18. The claims of Plaintiffs are typical of the claims or defenses of the Class.

19. The Class is so numerous that joinder of all members is impracticable.

4

20. Plaintiffs are fairly and adequately represented and protect the interests of the Class.

21. Plaintiffs have retained counsel competent and experienced in complex litigation and employment matters.

22. Class certification of Plaintiffs' Nebraska state law claims is appropriate pursuant to Neb. Rev. Stat. § 25-319 because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

23. Class certification of Plaintiffs' Nebraska state law claims is appropriate pursuant to Neb. Rev. Stat. § 25-319 because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The members of the Class are entitled to injunctive relief to end Defendants' common and uniform practices of denying the Class the wages to which they are entitled.

24. Class certification of Plaintiffs' Nebraska state law claims is also appropriate pursuant to Neb. Rev. Stat. § 25-319 because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

25. Plaintiffs know of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance of a Class action. The Class is ascertainable because the names and addresses of the Class are readily available from Defendants.

## FIRST CAUSE OF ACTION

### Failure to Pay Overtime Wages in Violation of the FLSA

### 29 U.S.C. § 207

26. Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

27. As described above, Defendants have failed to pay Plaintiffs and the Class for all hours of work they perform. When this "off-the-clock" time is included, Plaintiffs and the Class may have routinely worked in excess of 40 hours in a week. As a result, Defendants have violated the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiffs and the Class overtime compensation at time-and-one-half the regular non-exempt rate of pay.

28. Defendants have willfully violated the FLSA. As a result, Defendants are liable to the Class for liquidated damages in an amount equal to the wages Defendants have failed to pay as a result of the foregoing violation.

29. Plaintiffs and the Class are entitled to all of the overtime wages they are owed, as well as costs and attorney's fees they have expended in bringing this action to recover their unpaid wages.

## SECOND CAUSE OF ACTION

### Violation of the Nebraska Wage Payment and Collection Act

### Neb.Rev.Stat. §§ 48-1228 through 1232

30. Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

31. The Class period for this cause of action is September 1, 2006 to the present. Therefore, the Class definition applicable to this Cause of Action is all current and former

6

hairstylists who have been employed at any time by Defendants at any of their facilities during the time period September 1, 2006 to the present.

32. As described above, Defendants have willfully failed to pay Plaintiffs and the Class for all hours of work they perform. This violates the Nebraska Wage Payment and Collection Act, which requires employees be paid for all work they perform.

33. Plaintiffs and the Class are entitled to all wages they are owed, as well as costs and attorney's fees they have expended in bringing this action to recover their unpaid wages.

34. Due to Defendants willful and improper conduct, Plaintiffs and the Class are entitled to an amount equal to two times the amount of unpaid wages as provided in Neb.Rev.Stat. § 48-1232.

## THIRD CAUSE OF ACTION

### Unjust Enrichment

35. Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

36. The class period for this cause of action is September 1, 2006 to the present. Therefore, the class definition applicable to this Cause of Action is all current and former hairstylists who have been employed at any time in one of Defendants' facilities in Omaha and Lincoln during this time period.

37. Defendants have received and benefited from the uncompensated labor of Plaintiffs and the Class, and for Defendants to retain this benefit without compensation would be inequitable and would rise to the level of unjust enrichment.

38. Plaintiffs and the Class have a reasonable expectation that they will be paid all amounts to which they are entitled pursuant to promises and agreements made by Defendants for having given their time and efforts to Defendants. Defendants carefully track the compensation

7

paid to Plaintiffs and the Class as a measure of profit calculation. Underpayment of wages to Plaintiffs and the Class directly increase Defendants' profit.

39. At all relevant times hereto, Defendants devised and implemented a plan to increase its earnings and profits by fostering a scheme in securing uncompensated work from Plaintiffs and the Class.

40. Contrary to all good faith and fair dealing, Defendants instructed and encouraged its managers and supervisors to induce Plaintiffs and the Class to perform the necessary work and further instructed their managers and supervisors to delete that time from Plaintiffs and the Classes' paychecks.

41. By underpaying Plaintiffs and the Class, Defendants have been unjustly enriched. More specifically, by reason of having secured the works and efforts of Plaintiffs and the Class without compensation, Defendants enjoyed reduced overhead with respect to its operations and has therefore realized additional earnings and profits for their own benefit and to the detriment of Plaintiffs and the Class. Defendants have retained and continue to retain such benefits contrary to the fundamental principals of justice, equity and good conscience. Accordingly, Plaintiffs and the Class are entitled to judgment in an amount equal to benefits unjustly retained by Defendants, to be proved at trial.

## FOURTH CAUSE OF ACTION

### Pierce the Corporate Veil

42. Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

43. For all the counts above for which Hair Salons, Inc. is found liable, the corporate veil should be pierced in order to find Randall Miller personally liable.

8

44. Upon information and belief, Hair Salons, Inc. is owned and/or controlled by Randall Miller.

45. Upon information and belief, Randall Miller exercises exclusive control of Hair Salons, Inc and does not act independently in the interest of Hair Salons, Inc.

46. Hair Salons, Inc. is a mere façade for the dealings of Randall Miller and Hair Salons, Inc.'s operations are carried on by Randall Miller in disregard of Hair Salons, Inc. as a corporate entity.

47. Randall Miller perpetuated a fraud on Plaintiffs and the Class by cutting and/or reducing their hours worked. This conduct is contrary to the Nebraska Wage Payment Act and the FLSA.

48. Hair Salons, Inc. is the alter ego of Randall Miller and the corporate veil should be pierced and Randall Miller held liable for all of Hair Salons, Inc.'s actions and debts, as set forth above.

## JURY TRIAL DEMANDED

49. Plaintiffs hereby demand a trial by jury for all issue so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Permit this action to proceed as a collective action under 29 U.S.C. § 216(b);

2. Permit this action to proceed as a "class action" under Neb. Rev. Stat. § 25-319;

3. Order Defendants to pay all unpaid wages and other damages to Plaintiffs and the Class;

4. Enjoin Defendants from continuing the unlawful policies described herein;

5. Order Defendants to pay liquidated damages, punitive damages and all other available penalties to Plaintiffs and the Class;

9

6. Award to Plaintiffs all statutory penalties, interest and attorney's fees and costs to which they are entitled; and

7. Such other relief as the Court deems just and proper.

DATED this __10__ day of September, 2009.

>DORIS FLOTT, DEB HILGER, LINDSEY
>JONES, and ARLENE ORR, Plaintiffs
>
>By: _____
>Craig F. Martin, #21812
>LAMSON, DUGAN and MURRAY, LLP
>10306 Regency Parkway Drive
>Omaha, NE 68114-3743
>Telephone: (402) 397-7300
>Fax: (402) 397-7824
>cmartin@ldmlaw.com
>ATTORNEYS FOR PLAINTIFFS

461740

10

**IN THE DISTRICT COURT, DOUGLAS COUNTY, NEBRASKA**

Doris Flott, Deb Hilger, Lindsey Jones and Arlene Orr

vs.

Hair Salons, Inc., and Randall K. Miller

| SUMMONS BY CERTIFIED MAIL | DOC. 1099 NO. 539 |
|---|---|

STATE OF NEBRASKA  )
COUNTY OF DOUGLAS  )

    This is to notify Randall K. Miller
                (Impleaded with other)

Defendant that you have been sued by Doris Flott, Deb Hilger, Lindsey Jones and Arlene Orr

Plaintiff in the District Court of said County, and that in order to defend the lawsuit you must file an appropriate written response in the Office of the Clerk of said Court within thirty days after service of Summons and Complaint in answer to the Complaint said Plaintiff filed against you or such Complaint will be taken as true and judgment rendered accordingly for the relief demanded in the attached Complaint.

RETURN of this Summons is due within ten days after return of the signed receipt.

    WITNESS my signature and the Seal of said Court at Omaha and issued this 10th day of September, 2009.

JOHN M. FRIEND, CLERK
BY: _____
    Deputy

**ATTORNEY FOR PLAINTIFF:**
NAME:    Craig F. Martin
ADDRESS: 10306 Regency Parkway Drive
           Omaha, NE 68114
PHONE:   (402) 397-7300