8:09CV3211

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

10 DEC -3 PM 5: 02

OFFICE OF THE CLERK

## CLASS SETTLEMENT AGREEMENT AND RELEASE

THIS AGREEMENT is made the 30th day of June, 2010 between the Class of Plaintiffs for whom claims have been asserted in the case captioned as *Doris Flott, Deb Hilger, Lindsey Jones, and Arlene Orr v. Hair Salons, Inc.*, No. 8:09cv3211 (D. Neb.) ("Lawsuit") and Hair Salons, Inc. ("Hair Salons") (together the "Settling Parties" and each a "Settling Party").

### RECITALS:

WHEREAS, a Lawsuit was filed on or about September 10, 2009 against Hair Salons, Inc. for alleged violations of the Nebraska Wage Payment Collection Act and the Fair Labor Standards Act. In the complaint, Plaintiffs asserted a variety of claims generally alleging that Hair Salons, Inc. had a practice and policy of adjusting employees' time when employees clocked in before a shift was scheduled to begin. The lawsuit was brought by Lamson Dugan and Murray, LLP ("Class Counsel") on behalf of the named Plaintiffs and a putative class of all similarly situated individuals consisting of those who were employees of Hair Salons between September 1, 2006 and September 10, 2009 ("Settlement Class").

WHEREAS, following an examination of the putative class members' time records, Class Counsel concluded there was no factual basis upon which to base a claim under the Fair Labor Standards Act and, as a result of that conclusion, the Plaintiffs have moved for an order of dismissal *with prejudice* of the Fair Labor Standards Act claim.

WHEREAS, Hair Salons denies that its practices and/or policies violate either the Nebraska Wage Payment Collect Act ("Wage Payment Act)" or the Fair Labor Standards Act.

WHEREAS, in order to avoid the continuing costs of litigation and the risks associated with litigation on the Wage Payment Act claim, the Settling Parties mutually desire to resolve that claim, without admitting liability or fault.

### TERMS:

NOW THEREFORE, in consideration of the promises and agreements herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

I.     Effective Date. This Agreement commences on the date of execution (the "Effective Date").

II.     Class Certification.

    A.     *Settlement Class*. The Settlement Class consists of all individuals who were employed by Hair Salons at any time between September 1, 2006 and September 10, 2009, excluding any owners or relatives of the owners of Hair Salons, Inc., including Jane Miller and Benjamin (BJ) Miller.

1

    B.    *Preliminary Approval and Certification*. Counsel for the Settlement Class ("Class Counsel") shall, within 5 business days of the Effective Date, cause to be filed with the Court a Joint Motion for Preliminary Approval of Class Settlement and Approval of Class Notice Plan ("Motion for Preliminary Certification"), in essentially the form attached hereto as Exhibit A, and all other documents and papers necessary to obtain an order of preliminary class certification ("Preliminary Certification"). Neither party shall have any additional obligations under this Class Settlement Agreement and Release unless and until Preliminary Certification has been granted.

    C.    *Final Approval and Certification*. Class Counsel shall, in accordance with the order granting Preliminary Certification, give notice to the putative class members and thereafter file all papers and make all appearances necessary to obtain an order approving the Final Certification and Approval of Settlement ("Final Certification and Approval").

III.    Settlement Funds.

(a)    Upon final approval by the Court, Hair Salons shall pay to Class Counsel the sum of $21,889.77 ("Settlement Payment"), which sum is comprised of:

    (i)    $7,389.77 for pro rata distribution to the Settlement Class ("Class Funds")
    (ii)    $500.00 for payment of costs and expenses associated with providing notice to the Class
    (iii)    $14,000.00 for attorneys' fees and expenses of Class Counsel.

(b)    Upon entry of Final Certification and Approval, Class Counsel shall be solely responsible for disbursing the Class Funds to the Settlement Class.

(c)    Class Counsel shall, following such disbursement, provide Hair Salons with an accounting of the amounts actually paid to each member of the Settlement Class.

IV.    Cooperation. Hair Salons shall cooperate to the fullest extent reasonably possible with Class Counsel in regard to Class Counsel's efforts to obtain Final Certification and Approval, including the provision of all class members last known address, in electronic Excel format.

V.    Release. Subject to and effective upon the entry of an Order granting Final Certification and Approval, the Class releases Hair Salons from any and all claims, actions, suits, demands or proceedings arising from and relating to Hair Salon's pay policies between September 9, 2005 and the date of Final Certification and Approval, including without limitation those relating to Hair Salons' practice of adjusting time clock entries to reflect the published shift-times of each of the Class members. This Agreement shall be in full and final settlement of all claims that the Settlement Class has or may have against Hair Salons in the Lawsuit.

VI.    No Admission of Liability. Nothing in this Agreement shall be construed as an admission of liability by any party.

VII.   **Entire Agreement.** This Agreement constitutes the whole and only agreement between the parties relating to the subject matter of this Agreement.

VIII.   **Waiver.** No omission to exercise or delay in exercising any right, power or remedy provided by law or under this Agreement shall constitute a waiver of such right, power or remedy or any other right, power or remedy or impair such right, power or remedy. No single or partial exercise of any such right, power or remedy precludes or impairs any other or further exercise thereof or the exercise of any other right, power or remedy provided by law or under this Agreement.

IX.   **Non-Disparagement.** The individual members of the Settlement Class, including but not limited to the named Plaintiffs, and Hair Salons, Inc., its owners, directors, and officers, agree not to disparage the other party, with regard to the subject matter of this lawsuit.

X.   **Governing Law.** This Agreement and the obligations and rights created hereunder shall be governed by the laws of the State of Nebraska, without consideration of its choice of law provisions.

Executed this 30th day of June, 2010.

DORIS FLOTT, DEB HILGER, LINDSEY JONES, and ARLENE ORR, Plaintiffs

By: _____
Craig F. Martin, #21812
LAMSON, DUGAN and MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743
Telephone: (402) 397-7300
Fax: (402) 397-7824
cmartin@ldmlaw.com
CLASS COUNSEL

_____
DORIS FLOTT

_____
DEB HILGER,

_____
LINDSEY JONES

_____
ARLENE ORR

HAIR SALONS, INC.

By: _____
Krista L. Kester, No. 19320
Erin L. Ebeler, No. 23923
WOODS & AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
Telephone: 402-437-8500
kristakester@woodsaitken.com
eebeler@woodsaitken.com
ATTORNEYS FOR DEFENDANT

_____
HAIR SALONS, INC.
   By: Randy Miller, Its President

3

VII. <u>Entire Agreement</u>. This Agreement constitutes the whole and only agreement between the parties relating to the subject matter of this Agreement.

VIII. <u>Waiver</u>. No omission to exercise or delay in exercising any right, power or remedy provided by law or under this Agreement shall constitute a waiver of such right, power or remedy or any other right, power or remedy or impair such right, power or remedy. No single or partial exercise of any such right, power or remedy precludes or impairs any other or further exercise thereof or the exercise of any other right, power or remedy provided by law or under this Agreement.

IX. <u>Non-Disparagement</u>. The individual members of the Settlement Class, including but not limited to the named Plaintiffs, and Hair Salons, Inc., its owners, directors, and officers, agree not to disparage the other party, with regard to the subject matter of this lawsuit.

X. <u>Governing Law</u>. This Agreement and the obligations and rights created hereunder shall be governed by the laws of the State of Nebraska, without consideration of its choice of law provisions.

Executed this 30th day of June, 2010.

DORIS FLOTT, DEB HILGER, LINDSEY JONES, and ARLENE ORR, Plaintiffs

By: _____
Craig F. Martin, #21812
LAMSON, DUGAN and MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743
Telephone: (402) 397-7300
Fax: (402) 397-7824
cmartin@ldmlaw.com
CLASS COUNSEL

HAIR SALONS, INC.

By: _____
Krista L. Kester, No. 19320
Erin L. Ebeler, No. 23923
WOODS & AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
Telephone: 402-437-8500
kristakester@woodsaitken.com
eebeler@woodsaitken.com
ATTORNEYS FOR DEFENDANT

_____
DORIS FLOTT

_____
DEB HILGER,

_____
LINDSEY JONES

HAIR SALONS, INC.
By: Randy Miller, Its President

_____
ARLENE ORR

3

VII. <u>Entire Agreement</u>. This Agreement constitutes the whole and only agreement between the parties relating to the subject matter of this Agreement.

VIII. <u>Waiver</u>. No omission to exercise or delay in exercising any right, power or remedy provided by law or under this Agreement shall constitute a waiver of such right, power or remedy or any other right, power or remedy or impair such right, power or remedy. No single or partial exercise of any such right, power or remedy precludes or impairs any other or further exercise thereof or the exercise of any other right, power or remedy provided by law or under this Agreement.

IX. <u>Non-Disparagement</u>. The individual members of the Settlement Class, including but not limited to the named Plaintiffs, and Hair Salons, Inc., its owners, directors, and officers, agree not to disparage the other party, with regard to the subject matter of this lawsuit.

X. <u>Governing Law</u>. This Agreement and the obligations and rights created hereunder shall be governed by the laws of the State of Nebraska, without consideration of its choice of law provisions.

Executed this 30th day of June, 2010.

DORIS FLOTT, DEB HILGER, LINDSEY JONES, and ARLENE ORR, Plaintiffs

By: _____
Craig F. Martin, #21812
LAMSON, DUGAN and MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743
Telephone: (402) 397-7300
Fax: (402) 397-7824
cmartin@ldmlaw.com
CLASS COUNSEL

HAIR SALONS, INC.

By: _____
Krista L. Kester, No. 19320
Erin L. Ebeler, No. 23923
WOODS & AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
Telephone: 402-437-8500
kristakester@woodsaitken.com
eebeler@woodsaitken.com
ATTORNEYS FOR DEFENDANT

_____
DORIS FLOTT

_____
DEB HILGER,

_____
LINDSEY JONES

_____
ARLENE ORR

_____
HAIR SALONS, INC.
By: Randy Miller, Its President

3