IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DORIS FLOTT, DEB HILGER, LINDSEY JONES, and ARLENE ORR, ) ) ) Plaintiffs, ) ) v. ) ) HAIR SALONS, INC., ) ) Defendant. ) ) | 8:09CV3211 MEMORANDUM AND ORDER |

This matter is before the court on the parties' joint motion for final certification of the class and final approval of a proposed class settlement, Filing No. 49. This is a class action for unpaid wages under the Nebraska Wage Payment Collection Act, Neb. Rev. Stat. § 1228 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*[1] The plaintiffs allege that the defendant's practice of rounding the plaintiffs' time to the nearest hour when they clocked in before their scheduled shift violated those statutes.

**I. Facts**

The case has been preliminarily certified as a class action. Filing No. 44, Order preliminarily approving class. This court preliminarily approved the proposed Class Settlement Agreement and Release (hereinafter "Settlement Agreement") and approved the notice of the settlement and a fairness hearing thereon. Filing No. 44, Order preliminarily approving proposed Settlement Agreement and notice; Filing No. 42, attachment 1, proposed Settlement Agreement. The Notice of the Proposed Settlement of Class Action & Fairness Hearing has been provided to members of the class. *See* Filing

---

[1] Also pending is a stipulation for dismissal of the plaintiffs' Fair Labor Standards Act claim, Filing No. 39. In light of the settlement, that motion will be granted.

No. 46, Filing No. 47, Filing No. 48, & Filing No. 54. Defendant Hair Salons, Inc., has also shown that it has complied with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715. *See* Filing No. 45. Pursuant to the Preliminary Approval Order and Class Notice, Class Members were required to submit requests to be excluded by October 1, 2010. Filing No. 44, Order at 4. The parties represent that they have not received any requests for exclusion. Filing No. 57, Brief at 3.

A fairness hearing was held on December 3, 2010. Counsel for both parties appeared at the hearing. No objections to the proposed partial settlement or notices of intent to appear were filed, and no one appeared at the hearing to object. The court takes judicial notice of the settlement agreement which has been docketed and filed. See Filing No. 59, Settlement Agreement.

The settlement agreement will settle the plaintiffs' claims against defendant in this action. *Id.* It reflects that the parties mutually desire to resolve the claims to avoid the continuing costs of and risks associated with litigation, without admitting liability or fault. *Id.* at 1. The agreement provides for payment to class members of a pro rata share anticipated to be between 50% and 60% of time card adjustments. *See* Filing No. 47, Attachment, Notice to Class at 4. Under the Settlement Agreement, defendant Hair Salons, Inc., will pay to class counsel the sum of $21,889.77, which includes class counsel's fees and expenses up to $14,000.00, and up to $500.00 for the costs of printing and mailing the Class Notice and other settlement administrative expenses. In consideration of the payment, the plaintiffs will release all claims related to defendant's payment practices from September 9, 2005, to the date of this order. *Id*.

The parties represent that the proposed partial settlement is the product of several months of arm's-length negotiations. *See* Filing No. 57, Brief at 8. The parties also

represent that the proposed settlement in the best interests of the class in that it will avoid lengthy protracted litigation.  *Id.* at 8-9.

## II. Law

In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate.  *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate:  (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 931 (8th Cir. 2005). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'"  *Id.* at 933 (quoting *Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1150 (8th Cir. 1999) (internal quotations omitted)).  A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion."  *Id*. at 934.  The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length negotiations, and whether a skilled mediator was involved.  *See DeBoer,* 64 F.3d at 1178.  A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits.  With respect to notice, due process is satisfied where class members receive notice of a settlement proposal and are able to argue their objections to district court. *Id.* at 1176.

### III. Analysis

The court finds that the requirements of due process have been met as to the method and content of the notice to the class members. The court has reviewed the notices and proofs of service and finds them satisfactory. The court further finds that the settlement agreement is fair and reasonable. Based on the court's familiarity with the case throughout the course of this litigation, the court concludes that the proposed partial settlement is within the range of potential outcomes in this case. The strength of plaintiffs' case against this defendant is tempered by the defendant's intent to vigorously defend the merits of the action and to challenge the class certification. Also, the Settlement Agreement is the product of lengthy, arms-length negotiations between the parties. In addition to providing some monetary compensation to class members, the proposed settlement provides the important benefit of payment of attorney fees and expenses without diminishing the class members' recovery. The settlement is in the best interests of the class in that it provides immediate compensation and compensates small claims that would not otherwise have been pursued. Further, there are no objections to the settlement. Under the circumstances, the court finds the settlement is fair, reasonable, adequate and in the best interests of the class. Accordingly, the court finds that the proposed settlement should be approved.

IT IS ORDERED:

1. The plaintiffs' stipulated motion to dismiss their Fair Labor Standards Act claim (Filing No. 39) is granted.

2. The plaintiffs' Fair Labor Standards Act claim is hereby dismissed with prejudice.

3. The joint motion for final approval of class certification (Filing No. 49) is granted.

4. This action is certified as a class action under Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

5. The Class is certified as:

> All current and former employees of Hair Salons, Inc. from September 2006 to September 2009. Excluded from the Class are the owners and family members of the owners of Hair Salons, Inc.

The named plaintiffs are Class Representatives and Class Counsel is Craig F. Martin of Lamson, Dugan, and Murray, LLP.

6. The joint motion for final approval of class settlement (Filing No. 49) is granted.

7. The Settlement Agreement (Filing No. 59) is approved and incorporated herein by reference.

8. Pursuant to the Settlement Agreement, the claims against defendant are dismissed, with prejudice, each party to pay its own costs except those set out in the Settlement Agreement.

9. Pursuant to the Settlement Agreement, Class Counsel shall disburse the settlement funds to the Class Members and shall provide defendant Hair Salons, Inc., with an accounting of the amounts actually paid to each member of the Settlement Class.

10. The court retains jurisdiction to supervise, construe, and enforce the settlement agreement.

DATED this 7th day of December, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

6